UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONA CLARK : | |
|      Plaintiff, : | |
| : | JURY DEMANDED |
| v. : | |
| : | No. |
| MAY BRANDS, LLC : | |
|      Defendant. : | |

CIVIL ACTION COMPLAINT

And now Plaintiff, BONA CLARK, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* have been violated and avers as follows:

PARTIES

A. The Plaintiff

1.  Plaintiff, Bona Clark ("Clark" or "Plaintiff") is an adult individual residing in Bradford County at 1090 Main Street, Rome, PA 17110

B. The Defendant

2.  Defendant, May Brands, LLC, ("May Brands" or "Defendant") is a Pennsylvania limited liability corporation that is headquartered at 1 Sterling Avenue and which owns and operates a Dunkin' franchise at 3168 Memorial Highway, Dallas, PA 18612.

3.  At all times, Defendant met the statutory definition of an "employer" as defined by the ADA, the FMLA, and the PHRA.

1

## JURISDICTION AND VENUE

4. This Complaint alleges discrimination on the basis of Clark's disability status, and retaliation, in violation of the Americans with Disability Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); interference and retaliation with Clark's rights in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"); and pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

5. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7. Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Clark's claims arising under the Pennsylvania Human Rights Act ("PHRA").

8. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

9. On or about July 9, 2020, Clark filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2020-04638, alleging discrimination, retaliation and wrongful discharge from her employment due to the actions of May Brands, and dual filed with the Pennsylvania Human Relations Commission ("PHRC").

10. Clark has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated December 10, 2020 (attached hereto as Exhibit "A").

11. Clark has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

OPERATIVE FACTS

12. May Brands first hired Clark in April 2012 to work as a Crew Member. After temporarily leaving to pursue an employment opportunity elsewhere, May Brands rehired Clark on April 17, 2017.

13. As of December 2018, Clark was working on May Brands behalf as the Restaurant Manager of its Dunkin' franchise location at RR#1, Route 6, Wyalusing, PA 18853.

14. On February 28, 2020 Clark began a preapproved vacation. Clark was scheduled to return to work on March 10, 2020.

15. While on vacation, Clark began feeling sick – with symptoms including a cough and shortness of breath.

16. On March 8, 2020 Clark notified her supervisor, Regional Director Lauren Hibbard that she had a doctor's appointment on March 9, 2020 due to her symptoms. Hibbard asked Clark about her symptoms. When Clark explained that she had a cough and difficulty breathing, Hibbard expressed concern that Clark had contracted COVID-19. Hibbard told Clark not to return to work until she had been cleared by a doctor.

17. Clark's doctor cleared her to return to work on March 13, 2020. Clark worked on March 13 and March 14, 2020 without incident.

18. Clark was working on March 15, 2020 when she received a phone call from Hibbard. Clark told Hibbard that she still felt sick, with symptoms including a cough and difficulty breathing. Hibbard instructed Clark to go to the hospital.

19. At the hospital Clark was advised that she had a serious respiratory illness, but Clark's treating medical providers could not diagnose her condition.

20. Per her doctor's orders, Clark remained out of work until March 30, 2020.

21. During her absence, Clark remained in regular contact with Hibbard about her medical condition.

22. Clark returned to work on March 30, 2020. Clark worked from March 30, 2020 through April 3, 2020.

23. On April 3, 2020 Defendant terminated Clark's employment, explaining that they wished to go in "another direction."

24. Defendant's explanation for Clark's termination is pretext.

25. Defendant contested Clark's application for unemployment benefits. During the hearing, Defendant claimed that Clark was terminated for making an error that occurred on January 23, 2020 regarding the scheduling of an employee at the franchise Clark managed. While Clark was issued a written warning for this incident, she was not issued a "final written warning" as dictated by Defendant's progressive discipline policy.

26. Thus Defendant's purported reason for Clark's termination is pretextual because (1) Defendant did not follow its progressive discipline policy in terminating Clark; (2) Defendant gave inconsistent explanations for Clark's termination; (3) Clark was terminated in close proximity to Hubbarb's statements regarding Clark's medical condition; and (4) Clark was terminated in close proximity to Clark's utilization of medical leave.

CAUSES OF ACTION

COUNT I
AMERICANS WITH DISABILITIES ACT
DISPARATE TREATMENT

27.     Clark incorporates all the preceding paragraphs as if they were set forth at length herein.

28.     Clark is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

29.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30.     Based on the foregoing, Clark alleges that Defendant violated the ADA by terminating her employment on the basis of her actual and/or perceived disabilities and/or records of impairment.

31.     COVID-19 is a disability within the meaning of the Americans with Disabilities Act because in its active state it substantially limits the major life activity of breathing, and lung function. 42 U.S.C.§§12102(4)(D) & (E)(1); and 12102(2)(B).

32.     Defendant regarded Clark as being disabled. *See Eshleman v. Patrick Industries*, 961 F.3d 242 (3d Cir. 2020).

33.     Despite being disabled, Clark was capable of performing the essential duties of her position.

34.     Defendant's conduct in terminating Clark is an adverse action, was taken as a result of her actual and/or perceived disability, or in retaliation for her request for a reasonable

5

accommodation in the form of medical leave, and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

35. Defendant's conduct caused Clark to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Clark has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

36. Clark prays that Defendant be required to provide all appropriate remedies available under the ADA.

37. As a result of the conduct of Defendant's owners/management, Clark hereby demands punitive damages.

38. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Clark demands attorneys fees and court costs.

## COUNT II
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## INTERFERENCE

39. Clark incorporates the preceding paragraphs as if set forth more fully at length herein.

40. As set forth above, Clark was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, *et seq*.

41. Clark was qualified to take FMLA leave as she had been employed by Defendant for at least 12 months, and had at least 1,250 hours of service during the previous 12-month period.

42. Clark had a "serious health condition" that required "continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

43. At all times Defendant knew or should have known of Clark's need for FMLA leave due to her serious medical condition.

44. As described above, Defendant interfered with, restrained and denied Clark's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

45. As a proximate result of Defendant's conduct, Clark sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Clark has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

46. As a result of the conduct of Defendant's owners/management, Clark hereby demands punitive and/or liquidated damages.

47. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq* Clark demands attorney's fees and court costs.

## COUNT III
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## RETALIATION

48. Clark incorporates all the preceding paragraphs as if they were set forth at length herein.

49. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C) Clark was eligible for Family and Medical Leave Act Leave.

50. At all times material, Defendant knew, or should have known, of Clark's need for

FMLA leave medical leave due to her serious medical condition.

51. Clark gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

52. Nonetheless, Defendant terminated Clark.

53. Defendant's motivation for terminating Clark was connected causally to Clark's request for leave under FMLA-qualifying reasons.

54. Defendant acted in bad faith by retaliating against Clark in violation of the FMLA.

55. As a direct and proximate result of Defendant's discharge of Clark, Clark is and was deprived economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Clark's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

56. Clark demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Clark was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

57. Clark further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of

the FMLA.

## COUNT IV
## FAMILIES FIRST CORONA RESPONSE ACT
## RETALIATION

58. Clark incorporates all the preceding paragraphs as if they were set forth at length herein.

59. At all times relevant hereto, Defendant was engaged in commerce, was in an industry or activity affecting commerce, and each employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

60. Clark had, at all times relevant hereto, been employed by Defendant for at least thirty (30) days making her eligible for leave under the Emergency Paid Sick Leave Act ("EPSLA") component of the FFCRA.

61. The EPSLA requires covered employers to provide paid sick leave to employees with one of six qualifying COVID-19-related conditions. *See* FFCRA §§ 5102, 5110(2).

62. Clark was entitled to 80 hours of paid sick leave because she had been advised by a health care provider to self-quarantine due to concerns related to COVID-19 and because she was experiencing COVID-19 symptoms and was seeking a medical diagnosis. *Id.* § 5102(a).

63. Clark notified Defendant that she exhibiting COVID-19 symptoms such as a cough and short breath, and that she would be seeking medical assistance.

64. Defendant terminated Clark shortly after she was cleared to return to work.

65. Defendant's motivation in terminating Clark was causally related to her assertion of EPSLA qualifying leave.

66. As a result of Defendant's violation of the anti-retaliation provisions of the EPSLA and its associated regulations, Clark has suffered damages in the nature of pain and suffering and emotional distress, and is entitled to the recovery of actual, compensatory and punitive damages, as well as pre and post-judgment interest, attorneys' fees, costs, and such other compensation and legal remedies, and also including such declaratory and injunctive or other equitable relief, as the law allows.

## COUNT V
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT

67. Clark incorporates all the preceding paragraphs as if they were set forth at length herein.

68. Based on the foregoing, Clark alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting her to discrimination on the basis of her actual and/or perceived disabilities, records of impairment, and/or association with her disabled daughter.

69. Defendant's conduct caused Clark to sustain significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Clark has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

70. As a result of the conduct of Defendant, Clark hereby demands punitive damages.

71. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Clark demands attorneys' fees and court costs.

WHEREFORE, Plaintiff Bona Clark demands judgment in her favor and against Defendant in an amount in excess of $150,000.00 together with:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C. Punitive damages;

D. Liquidated damages;

E. Attorneys fees and costs of suit;

F. Interest, delay damages; and,

G. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/ Brian M. Doyle (PA Id. 319475)
**BRIAN M. DOYLE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff, Bona Clark

Date:_____

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S § 4904, relating to unsworn falsification to authorities.

Jan 22, 2021

Date

_____
Bona Clark (Jan 22, 2021 09:27 EST)
Bona Clark